**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1602**

In Re:  STATE AND COUNTY MUTUAL FIRE INSURANCE
COMPANY,

                                                Petitioner.

On Petition for Writ of Prohibition.  (CA-02-42-WCB-JES)

Submitted:  June 2, 2005                 Decided:  July 8, 2005

Before WILKINS, Chief Judge, and WIDENER and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

P. Gregory Haddad, MacCORKLE, LAVENDER, CASEY & SWEENEY, PLLC, Morgantown, West Virginia, for Petitioner.  Michael D. Lorensen, BOWLES RICE McDAVID GRAFF & LOVE LLP, Martinsburg, West Virginia, for Respondents Linda Miller and Jennifer Parkinson.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

State and County Mutual Fire Insurance Company ("State and County") seeks a writ of prohibition, precluding the district court's enforcement of its May 6, 2005 Order directing State and County to disclose certain documents for which it has claimed privileges (the "documents"). See Miller v. Pruneda, No. CA-02-42-WCB-JES (N.D. W. Va. May 6, 2005). As explained below, we deny the petition.

State and County has been sued for unfair claims settlement practices in the Miller litigation. During discovery, State and County refused to produce the documents to the plaintiffs, invoking the attorney-client privilege, West Virginia's "quasi attorney-client privilege," and the work product doctrine. Following in camera inspections of the documents, the magistrate judge concluded they are not privileged and ordered them disclosed. State and County then filed objections to the judge's orders. In its May 6, 2005 Order, the district court overruled these objections and, adopting the magistrate judge's reasoning, directed State and County to "produce forthwith the documents." This directive was subsequently stayed by the court pending our ruling on State and County's Petition for Writ of Prohibition.

State and County filed its petition on June 2, 2005, and the Respondents (plaintiffs in the Miller litigation) filed their

2

answer on June 22, 2005.  See Fed. R. App. P. 21(b)(1).[1]  Our assessment of the petition must be guided by the long-standing principle that prohibition, like mandamus, is a "drastic and extraordinary" remedy.  Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (internal quotation marks omitted).  Accordingly, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief" it desires.  Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976); see also United States v. Moussaoui, 333 F.3d 509, 517 (4th Cir. 2003).  And, the petitioner bears "the burden of showing that [its] right to issuance of the writ is clear and indisputable."  Kerr, 426 U.S. at 403 (internal quotation marks omitted); Moussaoui, 333 F.3d at 517.

State and County contends that it is entitled to a writ of prohibition, because otherwise it will be compelled to disclose the documents, effectively nullifying the privileges attached thereto.  However, another avenue of relief appears to be available to State and County:  it could refuse to comply with the May 6, 2005 Order and appeal from any contempt sanction imposed by the district court.  See Church of Scientology of Cal. v. United States, 506 U.S. 9, 18 n.11 (1992) ("A party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt

---

[1]The district court did not respond to our invitation to address the petition.  See Fed. R. App. P. 21(b)(4).

3

order."). We therefore deny State and County's Petition for Writ of Prohibition, rather than permitting it to be improperly used as a substitute for appeal.[2]

PETITION DENIED

---

[2]In denying the petition, we have made no assessment of the merits of State and County's privilege claims.